IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNDA KOZLOWICZ-GARDNER,<br><br>    Plaintiff,<br><br>v.<br><br>UTE TRIBAL COUNCIL MEMBERS,<br><br>    Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Case No. 2:25-cv-00211-JNP-DAO<br><br>District Judge Jill N. Parrish |

Plaintiff Lynda Kozlowicz-Gardner sued "Ute Tribal Council Members," alleging that she is a member of the Ute Tribe and that she did not receive her fair share of federal COVID relief funds allocated to the Tribe. She then filed an "Application for Temporary Restraining Order (TRO) and to Show Cause" seeking to enjoin the Ute Tribal Council Members from governing the Tribe and to grant her the power to direct the Tribe's day-to-day corporate affairs. ECF No. 4. Kozlowicz-Gardner later filed a motion to amend her complaint. ECF No. 12. The proposed amended complaint alleged that the Ute Tribal Council Members had breached a contractual agreement by failing to return funds that Kozlowicz-Gardner had advanced to the Members to facilitate check-cashing access services.

Magistrate Judge Daphne A. Oberg issued a Report and Recommendation (R&R) that the court dismiss this action for lack of subject matter jurisdiction. ECF No. 13. The R&R first concludes that the court lacks jurisdiction over the claim brought in the operative complaint because the Ute Tribe and its officers enjoy sovereign immunity and because there is no private cause of action for the misuse of COVID funds under the Coronavirus Aid, Relief, and Economic Security Act. The R&R also reasons that the contract claim asserted in the proposed amended

complaint would not be sufficient to confer subject matter jurisdiction. The court could only have diversity jurisdiction over this proposed state-law breach of contract claim. And because an Indian tribe is not a citizen of any state, *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993), a suit against a tribe or a tribal officer in his or her official capacity does not confer diversity jurisdiction.

Kozlowicz-Gardner filed a timely objection to the R&R. The objection, however, does not address any of the reasons asserted in the R&R as to why the court lacks subject matter jurisdiction. Instead, Kozlowicz-Gardner advances a new theory of relief that does not appear in either the operative complaint or the proposed amended complaint. She argues that the Ute Tribal Council Members violated 25 U.S.C. § 4011(a), which requires the Secretary of the Interior to "account for the daily and annual balance of all funds held in trust by the United States for the benefit of an Indian tribe or an individual Indian which are deposited or invested pursuant to section 162a of this title." Kozlowicz-Gardner asserts that the court should order the Ute Tribal Council Members to provide an accounting of alleged funds held by the Ute Tribe and owed to her.

The court OVERRULES Kozlowicz-Gardner's objection. The court reviews de novo the portions of an R&R to which a party has timely objected. *See* FED. R. CIV. P. 72(b)(3). If no party objects to the R&R, any argument that it was in error has been waived. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court may decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Here, Kozlowicz-Gardner does not object to any portion of the R&R. And the court determines that the interests of justice do not require it to deviate from the waiver rule. Accordingly, the court adopts the R&R and dismisses this action for lack of subject matter jurisdiction.

The new § 4011(a) claim referenced for the first time in Kozlowicz-Gardner's objection does not alter the court's ruling. First, neither the operative complaint nor the proposed amended complaint asserts a claim under § 4011(a). Because this claim is not part of this action, it cannot support this court's jurisdiction. Second, § 4011(a) simply does not apply to this action. This statute requires the Secretary of the Interior to provide an accounting of funds that he or she deposits in a bank account in trust for an Indian tribe or for an individual Indian. 25 U.S.C. §§ 162a, 4011. Section 4011 does not oblige tribal leaders to provide an accounting of funds. Nor does it provide for a private right of action to enforce its provisions.

Because the court lacks subject matter jurisdiction over this action, it may not resolve Kozlowicz-Gardner's motion for a TRO or motion to amend. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (holding that where a "district court never had jurisdiction over the case, it had no power to rule on any substantive motions").

## CONCLUSION

In short, Kozlowicz-Gardner's objection is not relevant and does not undermine the R&R's conclusion that this court lacks subject matter jurisdiction. Accordingly, the court adopts the R&R in its entirety and dismisses this action without prejudice for lack of jurisdiction. Because it lacks jurisdiction, the court may not address the merits of Kozlowicz-Gardner's motion for a TRO or motion to amend.

DATED March 16, 2026.

BY THE COURT

Jill N. Parrish
United States District Court Judge

3